UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JESSICA PATRICIA BARAHONA-MARTINEZ** | **CASE NO.  6:23-CV-01212 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ALEJANDRO N MAYORKAS ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**MEMORANDUM ORDER**

Pending before this Court is a Motion for Temporary Restraining Order [Doc. No. 10], Motion for Expedited Consideration [Doc. No. 11], and Motion for Oral Argument [Doc. No. 12] filed by Jessica Patricia Barahona-Martinez ("Barahona-Martinez" or "Petitioner"). Certificates of Service [Doc. Nos. 17, 18, 19, 20, 21, and 22] have been filed in the record showing Respondents were served.[1] Respondents have not responded at this time.

**I.    BACKGROUND**

A Petition for Writ of Habeas Corpus[2] was filed by Barahona-Martinez on September 6, 2023. A Motion for Temporary Restraining Order,[3] a Motion for Expedited Consideration,[4] and a Motion for Oral Argument,[5] was filed on September 7, 2023. These matters were transferred to this Court on September 26, 2023. Barahona-Martinez alleges she is an asylum seeker from El Salvador and has been detained for over six years (75 months) with no end in sight. Petitioner alleges she is a single mother of three who was granted asylum by an immigration judge based upon persecution she faced as a lesbian. Petitioner alleges she has had no opportunity to argue

---

[1] Respondents are Alejandro Mayorkas ("Mayorkas"), Merrick Garland ("Garland"), Patrick J. Lechleitner ("Lechleitner"), Melissa B. Harper ("Harper"), and Eleazer Garcia ("Garcia").
[2] [Doc. No. 1]
[3] [Doc. No. 10]
[4] [Doc. No. 11]
[5] [Doc. No. 12]

before a judge for release in over seventy-three months,[6] which violates the Fifth Amendment's right to due process. Petitioner is currently located at the South Louisiana ICE (U.S. Immigration and Customs Enforcement) Processing Center in Basile, Louisiana, within the jurisdiction of the Western District of Louisiana.

Petitioner alleges that due to death threats she received in El Salvador, she fled El Salvador in May 2016, with her three minor children (at the time her children were all minors, now the youngest is seventeen years old). Petitioner entered the United States without inspection on May 31, 2016, and sought asylum, withholding of removal, and protection under the Conviction Against Torture. Petitioner alleges she was released on her own recognizance by ICE around June 2, 2016.[7]

Petitioner further alleges she and her three children went to live with her sister in Virginia and complied with all conditions of release. Petitioner was placed back into detention on June 26, 2017, when the El Salvador government appealed her acquittal on a criminal charge in El Salvador, issued a warrant, and sought an Interpol Red Notice.[8] Petitioner further alleges the Interpol Red Notice was the sole reason for her detention, and despite the fact that the Interpol Red Notice has been permanently deleted, the Respondents have refused to reconsider the decision to keep Petitioner in detention. Petitioner further alleges the only bond hearing she has had was in July 2017, (shortly after her detention) and before deletion of the Interpol Red Notice.[9] She has been unable to receive another bond hearing and has remained in detention since June 26, 2017, approximately six years and three months. Petitioner has filed a motion to reopen her case based upon changed circumstances (deletion of the Interpol Red Notice) but received no date. Petitioner

---

[6] [Doc. No. 10-3, Declaration of Jessica Patricia Barahona-Martinez]
[7] [Id]
[8] [Id]
[9] [Id]

further alleges that unless this Court intervenes, her unconscionable time in detention will be further extended.[10,11]

Petitioner ultimately argues that her prolonged detention violates due process, she moves that this Court issues a temporary restraining order, requests release, a bond hearing, an expedited hearing, and costs and attorney fees.

## II. LAW AND ANALYSIS

The Fifth Amendment guarantee of due process applies to all persons physically within the United States, whether their presence here is lawful, unlawful, temporary, or permanent. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Two separate inquiries are necessary to determine if preventive detention is constitutional. First, the detention must bear a reasonable relation to the purpose for which the individual was committed. Second, detention must also be accompanied by adequate procedural protections to ensure that it is actually serving those purposes. *Zadvydas*, 533 U.S. at 690.

## III. CONCLUSION

This Court finds that Petitioner has plausibly alleged her prolonged detention violates due process. Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Expedited Consideration [Doc. No. 11] is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Oral Argument [Doc. No. 12] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that in accordance with 28 U.S.C. § 2243, the Respondents are ordered to show cause why Petitioner's Motion for Writ of Habeas Corpus should not be

---

[10] [Doc. No. 10-4 Supplemental Declaration of Jessica Patricia Barahona-Martine]
[11] [Doc. No. 10-5 Declaration of Ariel Rawls]

granted by filing a Return and/or Response on or before Monday, October 2, 2023, by 5:00 P.M. CST. Due to the alleged prolonged detention, no extension of the return date will be granted by this Court.

**IT IS FURTHER ORDERED** that a hearing date will be set in accordance with 28 U.S.C. § 2243 upon filing of Respondent's Return.

**MONROE, LOUISIANA**, this 27th day of September, 2023.

                                            **TERRY A. DOUGHTY**
                                            **UNITED STATES DISTRICT JUDGE**